## G. J. SQUIRES V. S. H. ELWOOD.

[FILED SEPTEMBER 29, 1891.]

1. **Contract**: STIPULATED FORFEITURE : PENALTY OR LIQUIDATED
    DAMAGES.  A provision in an executory contract to sell and
    deliver 3,500 sheep at a stipulated price per hundred pounds,
    that the party making default shall forfeit to the other party
    $1,000, is in the nature of a penalty when the actual damages
    by reason of such default may be readily determined.

2. **Evidence** examined, and *held*, to sustain the verdict.

ERROR to the district court for Holt county.  Tried
below before KINKAID, J.

*H. E. Clifford, J. J. King,* and *G. M. Cleveland,* for
plaintiff in error, cited : 5 Am. & Eng. Ency. of Law, 25,
26, and cases; *Pierce v. Jung,* 10 Wis. 25 ; *Jaquith v.
Hudson,* 5 Mich., 123 ; *Linde v. Thompson,* 2 Allen
[Mass.], 456 ; *Easton v. Canal Co.,* 13 O., 79 ; *Cushing v.
Drew,* 97 Mass., 445 ; *Ryan v. Martin,* 16 Wis., 59 ; 1
Sutherland, Damages, 475–530; *Brennan v. Clark,* 29
Neb., 385.

*M. F. Harrington, contra.*

NORVAL, J.

On the 4th day of October, 1886, the defendant con-
tracted in writing to sell and deliver to the plaintiff 3,500
sheep at Grand Island between the 15th and 25th days of
November, 1886, for which the plaintiff agreed to pay the
sum of $3.12½ per hundred pounds.   The defendant hav-
ing failed and refused to deliver the sheep, or any part
thereof, the plaintiff brought this action to recover dam-
ages for a breach of the contract.   The jury assessed the
plaintiff's damages at $250.   The plaintiff prosecutes error
to this court.

The contract contains the following provision: "Each of the aforesaid parties further agree that in default of the fulfillment of the aforesaid contract on his part he shall forfeit and pay to the other party the sum of one thousand dollars."

The plaintiff insists that he was entitled to a verdict for the sum of $1,000 and interest. In other words, that the amount named in the contract to be forfeited by the party who should fail to fulfill the terms of the agreement should be treated as liquidated and assessed damages, and not as a penalty.

In *Brennan et al. v. Clark*, 29 Neb., 385, in laying down the rule governing the construction of a contract, to determine whether the provision therein for the payment of a specified amount by the party in default to the other is to be treated as liquidated damages or a penalty, it is stated in the syllabus that "the court will consider the subject-matter, the language employed, and the intention of the parties. If the construction is doubtful, the agreement will be considered a penalty merely. If damages result from the performance or omission of acts which are certain, or can be ascertained by evidence, the stipulated sum is considered as a penalty; but when the acts or omission occasioning damages are not susceptible of measurement by a pecuniary standard, the sum will be regarded as liquidated damages."

Applying the above rule of construction to the provisions of the contract before us, there can be no doubt that the $1,000 therein named is merely a penalty, and should not be regarded as liquidated or assessed damages for a breach of the contract. The damages resulting from the breach of such a contract are ascertainable by evidence, and the general rule governing the measure of damages in a case like this, is well understood to be the difference between the contract price of the sheep and the market value of the same, at the time and place where they should have been delivered under the contract.

Squires v. Elwood.

· But it is claimed that at the time the contract was broken no sheep of the kind and quality mentioned in the contract were to be had at Grand Island, and hence the sum should be treated as liquidated damages. There is some evidence to the effect that at the time the defendant made default no sheep of the kind called for could be found in the vicinity of Grand Island. That fact would not, however, make it difficult to ascertain the amount of damages sustained by the plaintiff. If no sheep could be obtained at that place, then the measure of the plaintiff's recovery would be the difference between what they would have cost him, had the defendant performed his contract, and the market value at the nearest point where sheep like those called for by the contract could be found, with the expense of shipping them from that point to Grand Island. The case was tried by both parties in the district court upon that theory, and the learned district judge submitted the question of damages to the jury, under proper instructions.

Testimony was given on behalf of the defendant to the effect that sheep of the kind and quality mentioned in the contract and at the date stipulated for delivery could have been bought at South Omaha and shipped to Grand Island at a sum much below the price named in the contract. While the testimony of the plaintiff and his witnesses placed the damages at a much higher sum than was assessed by the jury, we do not feel justified in disturbing the verdict. The evidence would sustain a verdict for nominal damages or one for a larger sum than $250. The judgment is

AFFIRMED.

THE other judges concur.